(102 So. 505)

No. 26668.

DAVID, Tax Collector, v. GUARANTY BANK & TRUST CO.

In re DAVID, Tax Collector.

(Dec. 1, 1924. Rehearing Denied Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Banks and banking ⬅︎12 — Tax collector held authorized to proceed summarily against bank to collect license tax without traversing sworn statement rendered by bank when paying tax.**

Tax collector was authorized to proceed summarily against bank to collect license tax provided by Act No. 233 of 1920, § 4, either under sections 33 or 34, without traversing sworn statement of bank rendered when paying its tax, where bank after paying tax was reorganized under new name with an increase of capital, surplus, and undivided profits, by which it came into a higher class or grade; the statement of bank, on which tax paid was based, being truthful, and, as to increase of capital after reorganization, the business being conducted without license.

2. **Banks and banking ⬅︎12—Failure to state specifically amount of bank's capital, surplus, and undivided profits in proceeding to collect tax held immaterial.**

That tax collector in proceeding summarily against bank to collect license tax provided by Act No. 233 of 1920, § 4, did not state specifically amount of bank's capital, surplus, and undivided profits did not affect his right of action; allegation that tax was $2,500, together with prayer for production of bank's books in view of such section informing bank that tax collector was contending that declared or nominal capital, surplus, and undivided profits of bank amounted to $2,000,000 or more.

3. **Banks and banking ⬅︎12—Tax on banks and trust companies based on actual sum of capital, surplus, and undivided profits.**

Act No. 233 of 1920, providing in sections 32 and 33 that license tax imposed thereby shall be based on "business of previous year," does not apply to method of licensing and grading banks and trust companies, whose tax is based on the actual sum of declared or nominal capital, surplus, and undivided profits.

Certiorari to Court of Appeal, Parish of Rapides.

Proceeding by F. E. David, Tax Collector, against the Guaranty Bank & Trust Company, to which defendant filed an exception to proceeding by rule, or summarily, and exception of no cause or right of action. From a judgment of the Court of Appeal sustaining both exceptions and dismissing the suit as in case of nonsuit, plaintiff applies for certiorari or writ of review. Judgment of the Court of Appeal annulled, defendant's exceptions overruled, and case remanded to Court of Appeal.

Le Doux R. Provosty, of Alexandria, for applicant.

Hakenyos & Scott, of Alexandria, for respondent.

O'NIELL, C. J. This is a summary proceeding to collect a license tax from a bank and trust company, for the year 1921. The tax collector claimed $2,500, with the statutory interest and attorney's fee, less $200. The $200 had been paid by the defendant's predecessor, the City Savings Bank & Trust Company, in February, 1921, for the year's license. The name of the City Savings Bank & Trust Company was changed to that of the defendant, Guaranty Bank & Trust Company, by amendment of the bank's charter, on or about the 1st of March, 1921.

Before answering the suit, the defendant filed an exception to the tax collector's proceeding by rule, or summarily, and an exception of no cause or right of action. The ex-

ceptions were overruled. Answering the suit, the bank pleaded that the payment of the $200 by the City Savings Bank & Trust Company was a full and final payment for the license to do business in the year 1921, and the bank pleaded again that the tax collector had no cause or right of action. The district court gave judgment against the bank for $850, with the statutory interest and attorney's fee, less the $200. Both parties asked for a new trial, which was granted in favor of the tax collector, and the amount of the judgment was then increased to $1,000, less the $200, and plus the interest and attorney's fee. The bank appealed to the Court of Appeal, and the tax collector, answering the appeal, asked for an increase of the judgment to $1,250, less the credit of $200, and with the interest and attorney's fee. The Court of Appeal, without going into the merits of the case, reversed the district court's ruling on the defendant's exceptions, sustained both the exception to the proceeding by rule and the exception of no cause or right of action, and dismissed the suit, as in case of nonsuit. The case is before us on a writ of review.

The suit is brought under the provisions of the Act 233 of 1920, which is the general license law of the state. The fourth section of the act levies the license tax on banks and trust companies, and classifies or grades them according to "the declared or nominal capital, surplus and undivided profits."

[1] The theory on which the Court of Appeal held that the summary proceeding was not appropriate is twofold, viz. first, that the tax collector did not dispute or traverse the sworn statement which the City Savings Bank & Trust Company had rendered, in paying the $200 in February, and, second, that the tax collector did not proceed against the Guaranty Bank & Trust Company as an institution that had not paid any license tax at all. Our opinion is that the summary pro-

ceeding was appropriate under either theory. The thirty-third section of the statute, directing the tax collector to proceed summarily and by rule against any person or institution whose sworn statement he thinks is incorrect or insufficient, says that the tax collector shall traverse the statement if he be not satisfied with it. But there was no reason for the tax collector to traverse the sworn statement which the City Savings Bank & Trust Company had rendered in paying the $200 in February. The statement showed, truthfully, that the sum of the bank's declared or nominal capital, surplus, and undivided profits was such as to make the bank liable for a license tax of only $200, and the tax collector was satisfied with the statement. But the tax collector contends that when, after paying the tax of $200, as we have said, the bank was reorganized, under the new name, with an increase of its declared or nominal capital, or of the sum of its declared or nominal capital, surplus, and undivided profits, the bank came into a higher class or grade. Even though the tax collector then regarded the bank as the same old institution, entitled to credit for the $200 it had paid, he was not required, in order to proceed by rule or summary process, to traverse the sworn statement on which the $200 was paid. In the prayer of his petition, the tax collector asked for oyer of the defendant's book or books that would show the amount of the declared or nominal capital, surplus, and undivided profits.

It is virtually conceded—or it must be conceded—that, if the defendant should have been regarded as a new institution, which had not paid a license tax at all, the tax collector was right in proceeding summarily, or by rule to show cause; for the thirty-fourth section of the statute, in terms, authorizes this summary proceeding when a business is being conducted without a license. Quoad the increase of capital, or the increase in the

amount of the declared or nominal capital, surplus, and undivided profits, the business was being conducted without a license. Therefore, under the thirty-fourth section, as well as under the thirty-third section of the act, the tax collector was authorized to proceed as he did proceed, summarily, by rule to show cause why the tax should not be paid. .

[2, 3] The exception of no cause or right of action was also a double-barreled plea. It was based primarily upon the fact that the tax collector did not, in his petition, state specifically the amount of the bank's capital, surplus, and undivided profits. The only allegation in that respect was that the license tax due by the bank was $2,500. But that was the same as to say that the declared or nominal capital, surplus, and undivided profits of the bank amounted to $2,000,000 or more, but did not amount to $2,500,000; for, in the fourth section of the statute, under the paragraph headed "Seventh Class," it is said that, when the declared or nominal capital, surplus, and undivided profits amount to $2,000,000 or more, but do not amount to $2,500,000, the license tax is $2,500. Therefore the allegation that the tax was $2,500, together with the prayer for the production of the bank's book, or books that would show the amount of the declared or nominal capital, surplus, and undivided profits, informed the defendant that the tax collector was contending that the declared or nominal capital, surplus, and undivided profits of the bank amounted to $2,000,000 or more. The bank officials knew more about the matter than the tax collector knew. The other theory of the exception of no cause or right of action, as we understand, is that the license tax is based upon the amount of the bank's capital, surplus, and undivided profits during the year preceding the year for which the license is issued. The basis of the argument is that, under the thirty-second section of the stat-ute, the business done by a licensee, such as a merchant or manufacturer, in the preceding year, is taken as the estimate of the business to be done by him in the year for which the tax is collected, and, if the business be newly established, the estimate for the year is taken as six times the amount of business done in the first two months. It must be borne in mind, though, that the section begins by saying that the amount of receipts, etc., on which the license tax is based is the amount of receipts, etc., for the year for which the license is granted. The reason why the amount has to be estimated is that license taxes are collected in the beginning of each year, and become delinquent on the 1st day of March. But the license tax imposed upon banks and trust companies is based, not upon an estimate at all, but upon the actual sum of the declared or nominal capital, surplus, and undivided profits. Therefore the reference to "the business of the previous year," in the thirty-second and in the thirty-third section of the statute, does not apply to the method of licensing and grading banks and trust companies.

Our conclusion is that the ruling of the Court of Appeal, on the exception to the tax collector's proceeding summarily, and on the exception of no cause or right of action, is wrong. As the Court of Appeal did not have occasion to consider the merits of the appeal, we shall remand the case to be decided there upon its merits.

The judgment of the Court of Appeal is annulled; the defendant's exception to the summary character of the proceeding and the exception of no cause or right of action are again overruled; and it is ordered that the case be now remanded to the Court of Appeal to be decided on its merits. The costs incurred in this proceeding for the writ of review are to be borne by the defendant. All other court costs are to abide the final judgment on the merits of the case.